Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence, or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. On June 3, 1994, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on June 3, 1994.
5. On said date the plaintiff was earning an average weekly wage of $285.47.
6. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on June 3, 1994; and,
 b. If so, were the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is the plaintiff entitled, including, but not by way of exclusion, that provided under G.S. 97-30
of the Act.
7. The parties further stipulate into evidence approximately 100 pages of documentation.
8. The plaintiff began working for the defendant May 28, 1994 and last worked for said defendant June 4, 1994.
9. The plaintiff returned to work for another employer August 4, 1994 and has been paid compensation from June 6, 1994 to said date of August 4, 1994.
10. The plaintiff has received medical treatment and care as follows:
 Johnson Memorial Hospital, June 5, 1994 through November 11, 1995.
 Tri-County Community Clinic, August 12, 1994 through December 8, 1994.
 U.N.C., Dr. Joe T. Minchew, September 9, 1994 under whose care the plaintiff remains.
Dr. Arturo Valverde, July 11, 1994.
* * * * * * * *
RULING ON EVIDENTIARY MATTERS
The defendant objected to the use of an interpreter from the Department of Social Services, which Department had previously been engaged in rendering services to the plaintiff, and after a ruling by the Deputy Commissioner sustaining defendant's objection, to which the plaintiff objected and excepted, agreed to continue the hearing to June 29, 1995 at the Town Hall in Benson, N.C. at 9:30 a.m. to allow time for the parties to settle and agree upon a Spanish interpreter to act in this hearing for such parties and witnesses who have difficulty with English.
The parties entered the following documentation into the record which have been considered by the Full Commission in ruling in this matter and with respect all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Joe T. Minchew, M.D. dated August 17, 1995.
2. Deposition of Julia Brugnolotti dated July 7, 1995.
3. Deposition of Christine Schmitthenner, F.N.P. dated July 17, 1995.
4. Deposition of Larry Arrowood, P.A. dated July 12, 1995.
* * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission modifies in part and affirms in part the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On June 3, 1994, the plaintiff, who was 54 years of age with a ninth grade education and who had been working for the defendant approximately one week, while in the scope and performing of the duties of his employment with the defendant, jumped from a machine upon which he was working, a distance of approximately 4 feet, to the floor of the defendant's premises. At said time his left knee gave way as he landed on the floor causing him to fall to the floor and he immediately felt pain in his low back and in his left leg.
2. The plaintiff, whose home is in Mexico, does not speak or write English with any proficiency.
3. Subsequent to June 3, 1994, the following events took place:
 a. The plaintiff reported the incident to his supervisor on June 4, 1994.
 b. The plaintiff went to a local emergency room facility for medical care and treatment on June 5, 1994.
 c. The plaintiff was given a note medically releasing him from work through June 13, 1994, which note the plaintiff delivered to the defendant on June 7, 1994.
 d. On June 7, 1994, the plaintiff, with the help of an interpreter who could write English, made a written report to the defendant of the June 3, 1994 incident and delivered the medical note releasing him from work through June 13, 1994.
 e. On June 11, 1994, the plaintiff left the United States and flew to Mexico, his home, without seeking further medical help or informing the defendant of his intention to travel to Mexico, to remain out of work and to not seek further medical treatment and care at the time.
 f. On July 21, 1994, the plaintiff returned to the United States without notice to the defendant, again visited the local emergency facility at which time he was given another release from returning to work for eight additional days.
 g. On August 4, 1994, the plaintiff returned to work for another employer where he worked a regular scheduled work week until June 14, 1995. Plaintiff left work on or about June 14, 1995 due to problems with his wrists. There is no evidence of what plaintiff earned through his subsequent employment.
5. Subsequent to June 3, 1994 in the course of his medical care and treatment which was conservative, the plaintiff was medically diagnosed with lumbar sacral strain and persistent mechanical back pain, and medically released to return to work with a limitation of not lifting in excess of 25 pounds on December 13, 1994.
6. On June 3, 1994, the plaintiff sustained an injury by accident or specific traumatic incident arising out of and in the course of the employment with the defendant-employer.
7. The plaintiff lost time from work as a result of the injury from June 5, 1994 to June 13, 1994 and from July 21, through August 3, 1994. Plaintiff's failure to earn the same or greater wages during the period from June 13, 1994 through July 21, 1994 was due to his voluntary act of leaving the country, thus making himself unavailable for light duty or any other work. Plaintiff's temporary total disability ended on August 4, 1994 when he returned to full time employment.
8. The plaintiff was earning an average weekly wage of $285.47 on June 3, 1994.
9. Plaintiff's psychological problems are not related to his compensable back and leg injuries.
10. Plaintiff has not been rated for permanent partial disability.
11. Defendant pled N.C. Gen. Stat. § 97-22 as a defense to plaintiff's claim.
* * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On June 3, 1994, the plaintiff sustained an injury by accident, or specific traumatic incident arising out of and in the course of his employment with the defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. On June 13, 1994 the plaintiff voluntarily terminated his employment with the defendant by voluntarily, without communication to the defendant, placing himself beyond the boundaries of the United States and in a position in which he could not report to work or seek further local medical help.
3. Plaintiff's incapacity to work July 21, 1994 through August 3, 1994 was due to his compensable back injury.
4. The plaintiff is entitled to temporary total disability compensation benefits from June 5, 1994 to June 13, 1994 and from July 21, 1994 through August 3, 1994 at the rate of $190.31 per week.
5. There is no evidence that plaintiff has not been capable of earning the same or greater wages, or that he did not in fact earn the same or greater wages upon his return to work with a subsequent employer on August 4, 1994.
6. Plaintiff is entitled to such medical treatment for his compensable injuries as is reasonably required to effect a cure, provide relief or lessen his disability.
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The defendants shall pay to the plaintiff in one lump sum, temporary total disability compensation benefits from June 5, 1994 to June 13, 1994 and from July 21, 1994 through August 3, 1994 at the rate of $190.31 per week, less the attorney fee hereinafter provided.
2. The defendants shall pay all medical expense resulting from said injury when bills for same have been submitted and approved through procedures approved by the Industrial Commission.
3. An attorney fee of 25% of the compensation herein allowed is hereby approved and awarded to Robert J. Willis for his services to the plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
4. The defendants shall pay the costs due this Commission.
ORDER
IT IS HEREBY ORDERED:
(1) Defendant's Motion pursuant to N.C. Gen. Stat. § 97-22 is DENIED.
(2) The issue of what amount of permanent partial disability, if any, was suffered by plaintiff as a result of his compensable injury shall be reserved for subsequent determination after plaintiff has been rated.
 S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
BSB:md